Mr. Clerk, will you call the next case, please? Case number 3-12-0177, Euclid and St. Bill Moren. Activated on March 5th, still. The Carlton Morens, owned by Lindsay Clayton. Okay, Ms. Clayton. I understand you're still a student? I am, Your Honor. And you're here under the special, what is it, 7-11? 7-11 and permission of this Court. Yes, thank you. Great. And thank you for this opportunity. Sure. May it please the Court. Good morning, Your Honors. My name is Lindsay Clayton. And I represent the defendant appellant, Mr. Carlton Moren. Mr. Moren raises two issues on appeal. The second issue, whether the trial court failed by failing to conduct an inquiry into Mr. Moren's pro se, post-trial allegation of whether he had received ineffective assistance of counsel at the trial level, has been conceived by the State in its brief. As such, while I'm happy to take questions on this issue, I will only be arguing the first issue, the State's failure to prove Mr. Moren guilty beyond a reasonable doubt by failing to show any evidence that Mr. Moren was served with the notice of an order of protection. In order to sustain a charge of unlawful violation of an order of protection, the State had the burden to prove, among other things, that at the time Mr. Moren violated the order, he had received notice of the contents of the order of protection. The State failed to do so. Where, as here, an assertion that the State failed to meet its burden to prove the defendant guilty beyond a reasonable doubt does not require any evaluation of the credibility of witnesses, but rather only a determination of whether a certain set of facts suffice to meet the State's burden, the question is legal, and as such, the standard of review is de novo. However, under any standard of review, the State failed to meet its burden. At the start of the State's case, the State took an unusual step right after opening arguments. The State's attorney requested that the court take judicial notice of 2010 OP268, which is a case in Knox County where an order of protection was entered against Mr. Moren. This is an unusual step. The court took judicial notice of this file, but only instructed the jury as to the following, and here I quote briefly from page 210 of the record. Ladies and gentlemen, what that means is by way of documented evidence, without objection from Mr. Johnson, Mr. Moren's trial counsel, the court has taken notice that in a particular case, Knox County, 10 OP268, an order of protection was entered against Mr. Moren. One of the conditions of that order of protection was that he should stay 500 feet away from Summer Johnson. All right, you may consider that for that limited purpose only. Now, this unusual step of judicial notice is not complete because the jury was never instructed that Mr. Moren had received notice of the contents of the order. In fact, they were explicitly told that they could only consider it to show that an order of protection was entered and that one of the conditions was that Mr. Moren stay 500 feet away from Summer Johnson. This would be as if the state presented a stipulation but then failed to say what the stipulation was to say. Because the jury was never informed that Mr. Moren received this notice, the state did not meet its burden and Mr. Moren's conviction must be reversed. Now, the state... Didn't the exhibit have a checkmark that said that the defendant was served? It did, Your Honor. There's a box checked on that order which says, Defendant who served notice pursues the statute. However, orders of protection work in essentially a three-step process, which is first you have the emergency order and then the plenary order is scheduled, the hearing for that. The box that was checked says that he received notice of the hearing of the plenary order. Now, the order may or may not have been entered at that. We know that he wasn't at the hearing so he doesn't know if one was entered. This actually goes directly to one of this court's precedents, People v. Hinton. In People v. Hinton, a 2010 case, this court held that actual knowledge of notice of the contents of the order of protection was required to show that the defendant... to prove the defendant guilty beyond a reasonable doubt. Now, in Hinton, there wasn't this unusual judicial notice set, but there was an analogous exhibit. In Hinton, they entered... the state entered two exhibits, an emergency order, which also contained a plenary order, and a cover sheet from the sheriff's office showing that the defendant had been served with the emergency order. Now, this court in Hinton held that even though the defendant had received notice of the hearing where the order might be entered, that was not enough to suffice for actual knowledge. When the trial court was ruling on defense counsel's motion for directed verdict and reviewing whether or not the state had proven notice, the court explicitly notes that it may be ambiguous as to whether he just received notice of a hearing where the order might be entered or notice of the order. Now, this is the same faulty reasoning that this court took issue with in Hinton. Another important point is that Exhibit A was never tended to the jury. An important distinction in this case is between what the trial judge knew and what the jury knew. Never. Well, I mean, that raises an interesting question. I mean, Exhibit A was evidence, right? Yes, Your Honor. It was admitted in it, so that the jury didn't see it. In other words, if this had been a bench trial, you wouldn't have had these arguments, right? Correct, Your Honor. The difference being is that where here the jury is the fact finder, they weren't provided with the facts that they needed to find notice. And even if they had seen Exhibit A, they wouldn't have been able to find notice because Exhibit A doesn't show notice. When he's reviewing the record that he took judicial notice of, the trial judge notes that in there is a proof of service, that the defendant was personally served with the order of protection. But that proof of service was on January 12, 2011. The plenary order, which is the only thing that the state admitted and which never reached the jury, was entered on December 1, 2010. So practically it cannot show notice because it was entered before notice was put upon the defendant. It can only show notice that he was notified of the hearing pursuit to statute. Also in these boxes that are checked and not checked, it notes the defendant was not present at the hearing. And does it also note that it's jurisdictional findings? Yes. So that it's a question of whether or not he had notice so the court had personal jurisdiction. Correct. Following Hinton, the state failed to meet its burden. Because the instruction to the jury did not say that he had received notice, and because the exhibit that was tendered did not show notice and was never provided to the jury, the jury never received evidence of one of the elements of the offense. As such, Mr. Boren was not proven guilty beyond a reasonable doubt. Now, the state has argued in its brief that there are times where the state's attorney said, this will show notice. Or this will show notice when asking him to take judicial notice. However, because all that the trial judge said to the jury was that they could take that for that limited purpose only and never spoke to them of notice, these are just state's arguments and cannot be considered evidence. At trial, the defense was... I mean, they didn't dispute any of this that he didn't have notice in front of the jury. The defense at trial was that his former wife had invited him over. Correct, Your Honor. However, defense counsel at trial did argue during the motion for directed verdict that he had not received notice. And he specifically stated, outside of the presence of the jury, that defense counsel did not stipulate to the notice requirement. Because the jury received no evidence of notice, the state has not met its burden. As such, the defendant respectfully requests that this court reverse his conviction. Thank you, Your Honors. Thank you, Ms. Clayson. Any other questions? Thank you very much. You'll have five minutes to rebut. Thank you. Mr. Austin. May it please the court. Counsel. In this case, as counsel has mentioned, the defendant was charged with an unlawful violation of the order of protection by coming within 500 feet of Summer Johnson, who was protected under the order. The jury instruction under this crime was four different elements to be proven. The defendant only argues the fourth element was not proven. The fourth element requires the people to show that the defendant had been served with notice of the contents of the order of protection. At trial, in the presence of the jury, the prosecutor asked the trial judge to take judicial notice of case number 2010-OP-268, which the prosecutor stated contained the order of protection at issue with a return of service showing that the defendant had been personally served with the actual order of protection. The trial judge did take judicial notice of all these documents referred to by the prosecutor, including the return of service, and the jury heard the trial judge do so. The trial judge erroneously gave a limiting instruction. But clearly, the jury properly accepted the judicially noticed fact that the defendant had been personally served with the order of protection. And the people submit that the jury properly found that the people proved that the defendant had been notified of the contents of the order of protection, and that's what they had to prove. The people stand on their brief for all other argument and ask this court to affirm the defendant's conviction. Do you have any questions? Okay, I guess not. Thank you. Thank you, Mr. Arston. Ms. Clayson, any response or rebuttal? Yes, Your Honor. Your Honors, I would just like to briefly note that counsel brought up the fact that State notified the court in the presence of the jury that it would show. However, this is like argument. This is not evidence. What was judicially noticed was what the court instructed the jury, and that did not show notice. As such, Mr. Boren was not proven guilty beyond a reasonable doubt, and his conviction should be reversed. Thank you, Your Honors. Well, let me add, so your argument is, in essence, that they not only had to take judicial notice of the court trial in the LP case where there was a return of service, but somebody had to take that return of service out and display it to the jury. Telling them it was there wasn't good enough. Without them seeing the doc and the return of service themselves. Your Honor, unfortunately, no one ever told the jury that there was this brief of service contained in there. The person that told the jury was the State's attorney. And because it's the State's attorney, arguing as if they were arguing on objection. It is not evidence. If the judge had instructed the jury that the file contained this proof of service, then this would be a different issue. So they either needed... And that was in the scope of him asking the court to take judicial notice. And your argument is, he needed to put a witness on,  that says the defendant was served. Correct, Your Honor. There are numerous ways the States could have shown notice. They could have shown them the proof of service. They could have had the officer that served him testify. They could have had the court specifically instruct the jury that he had received notice. None of those things occurred here. And as such, the evidence never reached the jury. Thank you, Your Honors. Thank you, Ms. Clayson. Nice job. Good luck in your law school and your career. Thank you, Your Honor. And thank you both for your argument today. I didn't mean to slight you, Mr. Osler. You always do a good job here. And we'll now take a short recess. We will take this matter under advisement and get back to you with a written decision within a short day. And as I said, we'll now take a short recess for panel discussion.